# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:15-CR-00020-2 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| THOMAS LEROY WATSON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas Leroy Watson, Pro Se Defendant.*

The defendant, Thomas Leroy Watson, proceeding pro se, has filed a motion for a judicial recommendation that he be placed in a halfway house for six months preceding the end of his prison sentence. For the following reasons, the motion will be denied.

On February 19, 2016, the defendant was sentenced to a term of imprisonment of eighteen months for his conviction for willfully failing to collect or pay taxes, in violation of 26 U.S.C. § 7202.

While I commend the defendant for his efforts to become a productive citizen upon his release from incarceration, this court is without authority to grant the defendant's motion. A district court's authority to amend a defendant's sentence is limited. A district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons ("BOP") moves for a reduction,

the Sentencing Commission amends the applicable guideline range, or Rule 35 of the Federal Rules of Criminal Procedure or another statute expressly permits the court to do so. 18 U.S.C. § 3582(c); *see also United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). None of these circumstances are present in the instant case.

Further, I decline to recommend that the BOP amend the manner in which the defendant serves his sentence. The BOP has exclusive statutory authority over a prisoner's place of imprisonment. 18 U.S.C. § 3621(b); *see also United States v. Swisher*, No. 3:11-CR-67, 2013 U.S. Dist. LEXIS 40190, at *1 (N.D.W.Va. Mar. 22, 2013). While the Second Chance Act expands the BOP's authority to place prisoners in a halfway house, it does not vest that authority in this court. 18 U.S.C. § 3624(c)(1); *see also United States v. Squire*, No. 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). The BOP has sole discretion in deciding whether to place a prisoner in a halfway house, and if so, for how long. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (4th Cir. 2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to [a halfway house] does not mean that it must").

Accordingly, it is hereby **ORDERED** that the defendant's motion (ECF No. 42) is DENIED.

ENTER: December 13, 2016

/s/ James P. Jones
United States District Judge